JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
## Southern Division

| | |
|---|---|
| Mayra Campos, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>Glass Mountain Capital LLC and John Does 1-25,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mayra Campos ("Plaintiff"), a California resident, brings this Class Action Complaint by and through her attorneys, The Law Offices of Jonathan A. Stieglitz, against Defendant Glass Mountain Capital LLC ("Defendant GMC"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

# INTRODUCTION / PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "FDCPA" or "Act" in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws … [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* §1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* §1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §1692k.

# JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of California consumers under 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA"); and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of California, County of Orange, residing at 641 N Clinton St., Orange, CA 92867.

8. Defendant Glass Mountain Capital, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 1930 Thoreau Drive, Ste. 100, Schaumburg, IL 60173 and can be served process upon its registered agent Corporation Service Company dba in California as CSC – Lawyers Incorporating Service at 2710 Gateway Oaks Drive, Suite 150 N, Sacramento, CA 95833.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The class consists of:

    a. all individuals with addresses in the State of California;

    b. to whom Defendant GMC sent an initial collection letter attempting to collect a debt;

    c. regarding collection of a Comenity Capital Bank debt;

    d. that failed to accurately set forth all the initial communication requirements set forth in 15 U.S.C. §1692g

    e. by falsely and misleadingly stating that the identity of the current creditor on the account as Bill Me Later, Inc., Servicer;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit "A", violates 15 U.S.C. §§ 1692e, 1692f and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil

Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members.  The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit "A" violate 15 U.S.C. §1692e, §1692f and §1692g.

c. **Typicality:**  The Plaintiff's claims are typical of the claims of the class members.  The Plaintiff and all members of the Plaintiff class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members.  The Plaintiff is committed to vigorously litigating this matter.  Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class

- 6 -

actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to September 25, 2017, an obligation was allegedly incurred to Comenity Capital Bank

22. The Comenity Capital Bank obligation was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. The alleged Comenity Capital Bank obligation is a "debt" as defined by 15 U.S.C. 1692a(5).

24. Comenity Capital Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. Comenity Capital Bank contracted the Defendant GMC to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation I – April 19, 2018 Collection Letter*

27. On or about April 19, 2018, Defendant sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Comenity Capital Bank.  See a true and correct copy of the April 19, 2018 Letter attached hereto as Exhibit A.

28. The Letter did not contain all the proper initial communication requirements set forth in 15 U.S.C. §1692g (the "G-Notice").

- 8 -

29. Specifically, the letter does not clearly state who the original creditor or the current creditor is.

30. The letter mentions Bill Me Later, Inc., Servicer as "Our Client," and Comenity Capital Bank, as the "current creditor." These two statements contradict each other.

31. Mere allusions to the creditor's identity are insufficient as the letter must specifically and clearly state the creditor of the collection account.

32. The Defendant has failed to provide the consumer with a proper initial communication letter.

33. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

34. Defendant has provided false information as to the true identity of the current creditor.

35. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq.*

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

39. Defendant violated said section by:

   a. Making a false representation of the character, amount or legal status of the debt in violation of §1692e(2)(A); and

   b. Making a false and misleading representation in violation of §1692e(10).

40. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f *et seq.***

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

43. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

44. Defendant violated this section by unfairly and falsely advising the consumer as to the incorrect current creditor of the debt.

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCP, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g *et seq.*

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

48. Pursuant to 15 U.S.C. §1692g, when a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide


the consumer with a written validation notice which must include the following information:

   (1) the amount of the debt;

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

This is known as the "G Notice."

49. Defendant violated this section by falsely misrepresenting the requirement of §1692g(a)(2) that the debt collector must notify the consumer of the name of the creditor to whom the debt is currently owed.

- 12 -

50. Plaintiff sustained an informational injury as she was wrongfully misinformed of the identity of her current creditor for whom Defendant was attempting to collect the debt.

51. This harmed Plaintiff as she was unable to ascertain to whom the alleged debt was owed and thus could not determine whether she even owed the alleged debt.

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mayra Campos, individually and on behalf of all others similarly situated demands judgment from Defendant Glass Mountain Capital LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan A. Stieglitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 18, 2019                              Respectfully Submitted,

                                                   THE LAW OFFICES OF
                                                   JONATHAN A. STIEGLITZ

                                                   By:      /s/ Jonathan A Stieglitz
                                                            Jonathan A Stieglitz